UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATOYA SMITH, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL TOREH, et al.,<br><br>    Defendants. | 2:10-cv-0732-LDG-PAL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** |

Plaintiff Latoya Smith filed this action in the Eighth Judicial District Court of Nevada seeking monetary damages based on injuries allegedly arising from a motor vehicle accident. Defendant Fedex Ground Package Systems, Inc. ("Fedex Ground") subsequently removed the case to federal court (#1). Plaintiff has now filed a Motion to Remand to State Court (#4, response #8, reply #9). For the reasons stated herein, the court grants Plaintiff's Motion.

**I. Background**

Plaintiff filed her Complaint on April 8, 2010, naming Federal Express Corporation ("Federal Express"), FedEx Ground, and Paul Toreh as defendants. Plaintiff served defendants Federal Express and FedEx Ground with the Summons and Complaint on April 19, 2010. The third named defendant, Paul Toreh, was never served  The process server attempted to serve Mr. Toreh, but was unable to, and noted in his affidavit that the unit assigned to Mr. Toreh was vacant.

Prior to removal, Plaintiff filed an Amended Complaint on May 14, 2010. In her Amended Complaint, Plaintiff removed Federal Express as a defendant in the matter, but still named FedEx

Ground and Paul Toreh as defendants.  None of the defendants named in the original Complaint have been served with the Amended Complaint.

On May 19, 2010, Fedex Ground filed its Notice of Removal, which was timely because it was filed within thirty days of being served the initial Complaint.  Neither Paul Toreh nor Federal Express joined in the Notice or consented to it in writing, nor does the Notice account for their absence.

## II. Analysis

Plaintiff has moved to remand this action to state court.  The party that invoked federal jurisdiction bears the burden of establishing that removal was proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, removal statutes are construed against removal,  so if there is any doubt as to removal, the case should be resolved "in favor of remanding [the] case to state court."  *Egle Nursing Home, Inc. v. Erie Ins. Grp., et al.*, 981 F. Supp. 932, 934 (D. Md. 1997).  Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979), and "the court resolves all ambiguity in favor of remand to state court," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 102 F.2d at 566) (internal quotation marks omitted).

Plaintiff argues that remand is necessary because of procedural defects in removal, specifically that all three defendants did not join in the notice of removal. "[A]ll defendants who are properly joined and served in the action must join in the removal or consent to it in writing, with the exception of defendants who are fraudulently joined or who are nominal defendants." *Knutson v. Allis-Chalmers, Corp.*, 358 F. Supp. 2d 983, 991 (D. Nev. 2005) (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)).  However, this rule only applies to "defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir.1988).  If fewer than all defendants have joined in removal, the removing party bears the

2

burden under 28 U.S.C. § 1446(a) to affirmatively explain the absence of any co-defendants in the notice for removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citing *N. Il. Gas Co. v. Airco Indus. Glasses*, 676 F.2d 270, 273 (7th Cir. 1982)) *superceded in unrelated part by statute as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).

Fedex Ground was the only defendant to file a Notice of Removal, and no other defendants joined in that Notice. The Notice does not state that either Paul Toreh or Federal Express has joined in the Notice of Removal, nor does it explain their absence. Fedex Ground now states that Federal Express did not need to join because "Federal Express Corporation is not a party to this case and therefore could not join." Opp. to Mot. for Remand 6:3-4, ECF No. 8. This is incorrect because Federal Express was still a defendant in the matter. Usually, an amended complaint supersedes the original complaint. *Pac. Bell Tel. Co. v. Linkline Communications, Inc.*, 129 S. Ct. 1109, 1123 n.4 (U.S. 2009) (citing 6 C Wright and A. Miller, *Federal Practice & Procedure* § 1476, pp. 556-557 (2d ed. 1990)); *Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C.*, 106 F. Supp. 2d 1051, 1054 (D. Nev. 2000) ("In Nevada, an amended complaint generally supersedes the original complaint and renders it nugatory."). However, an original complaint is only superseded by an amended complaint that is properly served, and simply filing the amended complaint is not sufficient to supersede the original. *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1179 (C.D. Cal. 1998); *see also Anunciation v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458, 1996 WL 534049, at *2 (9th Cir. 1996) ("The initial complaint in the present case remained viable because the amended complaint was never effectively served."). Here, Plaintiff's Amended Complaint was never properly served on any defendants in the matter. Because Plaintiff's Amended Complaint was not properly served, the Amended Complaint does not supercede the Complaint, and the Complaint is still viable. Both defendants Fedex Ground and Federal Express were properly served, so both must have joined in, consented to, or had their

absence explained in the Notice of Removal. Because only Fedex Ground joined in the Notice of Removal, and because it failed to explain the absence of Federal Express and Paul Toreh, the Notice of Removal is defective.

Even assuming that Plaintiff's Amended Complaint properly superceded her original Complaint and that Federal Express was no longer named, remand is nevertheless proper because the Notice of Removal failed to explain Toreh's absence. Although Toreh was not properly served and therefore did not need to join in the Notice, the removing party still must explain his absence in the Notice in order for it to be proper. *See Prize Frize*, 167 F.3d at 1266; *see also Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d (D. Or. 2001) ("The removing party must affirmatively explain the absence of any co-defendants in the notice of removal.").

Therefore, because each defendant must join in the Notice, consent to the Notice, or have their absence from the Notice explained in order for the removal to be proper, and because Federal Express did not meet those requirements, Fedex Ground's Notice of Removal is deficient.

### III. Conclusion

For the reasons stated above,

THE COURT HEREBY ORDERS that Plaintiff's motion to remand pursuant to 28 U.S.C. 1447(c) is GRANTED.

Dated this 28 day of February, 2011.

_____
Lloyd D. George
United States District Judge