## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LATOYAH SMITH, an individual,  Plaintiff,  v.  PAUL TOREH, et al.,  Defendants. | 2:10-cv-0732-LDG-PAL  **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Defendant Fedex Ground Package Systems, Inc. ("Fedex Ground") filed a motion for reconsideration on March 14, 2011 (#15, opposition #16, reply #17). Fedex Ground requests that the court reconsider its February 28, 2011, order remanding the action to state court (#14). The application for reconsideration is denied because this court no longer has jurisdiction over the matter.

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except in civil rights cases. *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988). The Supreme Court has held that remand orders based upon a lack of subject matter jurisdiction or defects in the removal procedure are not reviewable. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 707 (1996). Once a court remands a case to state court, "it is divested of jurisdiction and can take no further action on the case." *Seedman,* 837 F.2d at 414. Here, this court has remanded the case to state court because of defects in remand procedure, making the case unreviewable. This court cannot take any further action regarding the case, including entertaining Fedex Ground's motion for reconsideration.

Even if this court could consider Fedex Ground's motion, it would nevertheless be denied. A motion for reconsideration should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added) (citing *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Clear error only exists when the reviewing court is left with a definite conviction that a mistake has been made. *Milenbach v. C.I.R.,* 318 F.3d 924, 935 (9th Cir. 2003).

Defendant contends that the court committed clear error because, among other things, it followed *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1982), instead of *Mitchell v. Paws Up Ranch,* 597 F. Supp. 2d 1132, 1136 (D. Mont. 2009), and that a motion for reconsideration is therefore appropriate. Claiming that this court should have followed the District of Montana over the Ninth Circuit does not leave the court with any conviction that any mistake has been made, and therefore does not prove clear error. In any event, the application for reconsideration is denied because this court no longer has jurisdiction over the matter.

## II. Conclusion

For the reasons stated above,

THE COURT HEREBY ORDERS that Defendant's motion for reconsideration (#15) is DENIED.

Dated this ___ day of April, 2011.

_____
Lloyd D. George
United States District Judge